UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER LEE FRY, JR.,

    Plaintiff,                                                      Case No: 1:13-cv-905

v                                                                      HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER**

    Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation. Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

    A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992) (The "purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the pleadings that

were considered by the magistrate judge."). Plaintiff's objections do not demonstrate any factual or legal error by the Magistrate Judge in her review of the ALJ's decision.

Plaintiff's first presented objection is that "The ALJ's RFC Determination is Not Supported by Substantial Evidence" (Objs., Dkt 17 at 3). The ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of his residual functional capacity" (RFC). 20 C.F.R. § 416.920(a)(4)(iv). Here, the ALJ determined that Plaintiff retained the capacity to perform light work, subject to various limitations (Tr., 21). The Magistrate Judge concluded that the ALJ's RFC determination complies with Social Security Ruling 96-8p and is supported by substantial evidence (R&R, Dkt 16 at 10). The Magistrate Judge rejected Plaintiff's argument that his alleged headaches or arthritis impose on him any limitations greater than those recognized by the ALJ, finding that the ALJ in assessing Plaintiff's RFC discussed the medical evidence at length and that the record does not support Plaintiff's argument (*id.*).

In objecting to the Magistrate Judge's analysis of this issue, Plaintiff excerpts Social Security Ruling 96-8p and argues, in totality, the following:

> The Magistrate Judge's fascination with the "medical evidence" in support of the ALJ's assessment of RFC (Report and Recommendation page 10) is only one of the many factors that contribute to a fair consideration of the plaintiff's remaining ability to perform full time competitive work. The claimant's testimony, his Function Report (AR 212-219) and the supporting affidavit from his daughter (AR 228-235) assert greater limitation than found by the ALJ. The plaintiff has significant side effects from his medicine—diarrhea, drowsy, stomach ache and headache (AR 60-61; 218-219) which was not assessed in the hypothetical to the VE. The Commissioner must follow his/her own instructions. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (2004). Failure to do so calls for remand under sentence four so the proper analysis can be made.

(*id.* at 4).

Plaintiff's objection lacks merit. As a threshold matter, the testimony of a vocational expert (VE) is directed solely to "whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what she 'can and cannot do,' there exist a significant number of employment opportunities for her in the regional and national economies." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). "The vocational expert is not expected to evaluate the claimant's medical conditions in making this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise." *Id.*

That Plaintiff disagrees with the construction and weight the ALJ gave the evidence and testimony in assessing Plaintiff's RFC does not demonstrate any error by the Magistrate Judge in reviewing the ALJ's decision. "[U]nder the substantial evidence standard, 'administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.'" *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (quoting *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009)). *See also Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 568 (6th Cir. 2009) ("The fact that we may have come to a different conclusion is immaterial where substantial evidence also supports the ALJ's findings."). Plaintiff's first objection is therefore denied.

Plaintiff's second objection is that "The ALJ's Assessment of Plaintiff's Non-Exertional Impairments is Not Supported by Substantial Evidence" (Objs., Dkt 17 at 4). Relying on *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), Plaintiff argued that the ALJ failed to take into account that being "moderately" off task equates to a 25-30 percent loss of that ability (Pl. Br., Dkt

13 at 16-17).  Plaintiff emphasized that "[t]hat fact is missing from the ALJ's hypothetical and the RFC assessment" (*id.* at 16).

The Magistrate Judge provided a thorough discussion of *Ealy*, determining that "*Ealy* simply reiterates the long-held notion that if the ALJ relies on the response to a hypothetical question, such question must accurately portray the claimant's limitations and be consistent with the ALJ's express findings" (R&R, Dkt 16 at 11-12).  The Magistrate Judge pointed out that "[i]n *Ealy*, the ALJ expressly adopted a specific limitation which he then failed to include in his hypothetical to the vocational expert," whereas "no such shortcoming or inconsistency exists" in this record (*id.* at 12). "The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed approximately 13,500 such jobs" (*id.* at 12).  The Magistrate Judge concluded that the ALJ's RFC determination is supported by substantial evidence and "there was nothing improper or incomplete about the hypothetical question the ALJ posed to the vocational expert" (*id.*).

In objecting to the Magistrate Judge's Report and Recommendation, Plaintiff reiterates that the ALJ's assessment was not supported by substantial evidence because the vocational expert left "out the question that plaintiff's impairments would mean he will be off task 20% to 30% of the day" (Objs., Dkt 17 at 4).  According to Plaintiff, "[h]ad those limitations been included in the hypothetical question, the VE would have offered the opinion that plaintiff was not able to hold full time competitive work" (*id.*).  Plaintiff's argument, however, demonstrates no error in the Magistrate Judge's application of *Ealy* and no error in her review of the ALJ's decision.  Plaintiff's second objection is therefore denied.

Last, Plaintiff's third objection is that "The ALJ's Assessment of Plaintiff's Seizures is Not Supported by Substantial Evidence" (Objs., Dkt 17 at 5). The Magistrate Judge rejected Plaintiff's argument in this regard, finding that the ALJ had considered the allegations by two witnesses that Plaintiff experiences "frequent seizures," but discounted the allegations where the available medical evidence indicates that Plaintiff's seizure disorder is controlled with medication (R&R, Dkt 16 at 12).

In objecting to the Magistrate Judge's conclusion that the ALJ's assessment of his medical condition is supported by substantial evidence, Plaintiff's argument, in its totality, is the following:

> Is the fact that a medical condition is medically "controlled" mean that it has no or little effect upon the plaintiff's RFC? Certainly the plaintiff's testimony is to the effect that he still has periodical seizures with no or little notice thereof. (AR 205) Others attested that he still has them even when he is compliant with his medicine which keeps increasing which says that the doctor does not think his current amount was effective. (AR 205-208)

(Objs., Dkt 17 at 5).

Plaintiff does not reference any portion of the Magistrate Judge's Report and Recommendation, and the "objection" therefore fails to identify any factual or legal error in the Magistrate Judge's review. In any event, like his first two objections, Plaintiff's third objection demonstrates merely his disagreement with the ALJ's decision, and not any error in the Magistrate Judge's review. Plaintiff's third objection is therefore denied.

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 17) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 16) is APPROVED and ADOPTED as the Opinion

of the Court, and the decision of the Commissioner of Social Security is AFFIRMED. A Judgment will be entered consistent with this Opinion and Order.


Dated: July 17, 2014                             /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge